## SCHUMACHER et al. v. NORTH BRITISH & MERCANTILE INS. CO., Limited.

(Circuit Court of Appeals, Ninth Circuit. November 24, 1924. Rehearing Denied January 5, 1925.)

### No. 4241.

1. **Insurance ⬅94—Insurer is bound by contract as made by agent and accepted.**

An insurer which accepts a contract made by an agent and retains the premium paid ratifies and is bound by the entire contract as made by the agent.

2. **Insurance ⬅126—Incorporeal interest in property is insurable.**

Every interest of advantage in property, corporeal or incorporeal, is insurable at actual value and full indemnity.

3. **Insurance ⬅140½, 507—Policy in hops under contract of sale held to cover interest of insured in contract; policy not void as over insurance.**

Plaintiff, who had contracted for sale of his season's crop of hops, after they matured contracted with defendant for their insurance at the contract price and paid the premium, the policy reciting that they were under contract of sale and limiting defendant's liability to the contract price. When the hops were destroyed by fire, their market value was much less than the contract price. *Held*, that the policy covered not only plaintiff's interest in the hops, but also in the contract, and his recovery was not limited to the market value of the hops, nor was the contract invalid as in violation of a state statute making it unlawful to insure property in excess of its "fair and actual value," which is applicable only to ordinary corporeal property.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Suit in equity by L. P. Schumacher and H. L. Hart against the North British & Mercantile Insurance Company, Limited. From the decree, complainants appeal. Reversed and remanded, with directions.

Harold Preston, O. B. Thorgrimson, Leander T. Turner, and R. H. Coshun, all of Seattle, Wash., for appellants.

Raymond D. Ogden and Fred G. Clarke, both of Seattle, Wash., for appellee.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

BOURQUIN, District Judge. Plaintiffs appeal from a decree awarding them less than their prayer in a suit to reform and enforce a fire insurance policy in their behalf executed by defendant. Although the vital element and controlling principle of the case appears to have escaped the attention of the trial court and counsel, the whole is of that simplicity which admits of desirable brevity without sacrifice of clarity.

The pleadings are usual, and so far as essential, the facts are that Schumacher had sold his 1922 crop of hops to be grown near Chehalis, Wash., to Hart for 35 cents per pound, in part advanced and balance to be paid on delivery and acceptance. Thereafter and as harvest and its fire hazard approached, Schumacher entered into a contract with defendant to insure the hops at the sale price of 35 cents per pound but not to exceed $10,000, and paid the premium. The policy was prepared, executed, and retained by defendant's local corporation agent, and not seen by Schumacher until after the fire that destroyed the hops in amount 30,496 pounds.

This policy was of New York standard form, and the cover clause, instead of describing Schumacher's interest in the sale of the hops, merely is $10,000 on hops being the property of insured, or on joint account, or sold but not removed. Amongst other and usual provisions is one, a rider, that "it is understood and agreed that in event of loss or damage to hops insured under this policy, on which contract for sale has been made, claim hereunder shall in no event exceed the contract price"; and others, that the insurer shall not be liable beyond the "actual cash value" at the time of the loss, and in no event to "exceed what it would cost the insured to replace the same with material of like kind and quality." When the hops were insured and destroyed, like hops had a market value of 12 cents per pound.

Plaintiffs sued for the sale price of 35 cents per pound, and defendant conceded the market value of 12 cents per pound. The District Court found that the contract had been made as aforesaid, but, holding that insurance in excess of market value is illegal, denied reformation of the policy and to plaintiffs awarded recovery to the extent of market value. We agree with the finding, but not with the conclusion.

[1] In respect to the former and in opposition to it, defendant advances the common argument, based on the facts that Schumacher's negotiation for insurance was with only the agent's employee in that behalf and that the employee had not a statutory license as insurance agent or solicitor, and on the unproven and in this case immaterial assertion that its agent had no authority to insure hops at contract or sale price. But so plain is the evidence and so elementary and settled is the law, that without detail of the one or restatement of the other, it suffices to brush aside as untenable all defendant's contentions. See Union Ins. Co. v. Wilkinson, 13 Wall. 234, 20 L. Ed. 617. Moreover, it is equally plain and elementary that defendant having accepted and now retaining all the benefits of the contract, must bear all its burdens, has ratified all and not merely the part it would elect.

In support of its conclusion that the contract is illegal, the District Court refers to the statutes of Washington and their provisions that the parties are presumed to know the "insurable value" of property; that it is unlawful and punishable by fine to knowingly insure property in excess of its "fair and actual value"; and that the standard form of policy alone shall be used, subject to incorporation of provisions "adding to or relating to" those contained in it.

Sections 7033, 7148, 7149, 7150, 7152, Rem. Comp. Stat. The court then proceeds to say that in its opinion the "insurable value" and the "fair and actual value" of the statutes and the "actual cash value" of the standard form "mean no more than market value"; that thus only can effect be given, as it must be, to the standard form's limitation of loss to what it would "cost the insured to replace with material of like kind and quality"; that this limitation contemplates "only those attributes which fix the physical character of the 'material' insured," and must prevail; that in consequence the contract contravenes the statutes; and that to reform and enforce the policy to conform to the contract would violate public policy and is inadmissible. In this, the obvious and fatal error is that the District Court overlooks that the contract for insurance embraced not only corporeal property but incorporeal as well, and that the limitation which in some circumstances might apply to the former in no circumstances can apply to the latter.

[2, 3] The contract in substance was not merely to insure the corporeal hops, but was also to insure the incorporeal bargain, advantage, and profit acquired by the sale at treble the market value of the hops. Both

were Schumacher's property, were subject to fire hazard, were insurable and insured to the extent of their actual value not exceeding $10,000, and both were destroyed. Every interest of advantage or profit in property, corporeal or incorporeal, is insurable at actual value and full indemnity; and diverse interests in one property may be owned by several persons or by one person, as in the instant case. Schumacher had an interest in the corporeal hops, by virtue of ownership and title, and he had an interest in the incorporeal bargain, advantage, or profit, by virtue of the contract of sale. The local statute (section 7165) declaratory of the law otherwise provides, that merely expected profits are insurable; more so, Schumacher's acquired profit in the sale of the hops. But surely no labored argument is necessary to vindicate Schumacher's right to insure his profit, so well settled is it that all incorporeal interests in property, as rents, use and occupancy, liens, profits, and the like, are insurable, or to demonstrate that in the very nature of things the standard form's limitation of loss to "cost of material of like kind and quality" cannot apply to incorporeals. Hence the limitation must be given a reasonable construction, and in its application be restricted to the large field of operation presented by the ordinary corporeal property of commerce, readily duplicated and having established market value.

It cannot even be applied to all corporeal property, not to that which has actual value but no market value, nor to that which is more valuable for the intangibles than for the tangibles. However, for the purposes of this case it is enough to say that though the limitation might apply to the corporeal hops had they alone been insured, it does not, as it cannot apply to the incorporeal bargain, advantage, and profit acquired by the sale of the hops, a particular crop from specific land, without duplicate, and also insured.

This profit is not "material," cannot be admeasured by nonexistent physical attributes, cannot be replaced, and its actual value to the extent of $10,000 is the measure of plaintiffs' loss and of defendant's liability. The contract is not violative of the statutes and is legal, and the policy will be reformed and enforced accordingly.

Of the recovery, Hart is entitled to be paid as his interest appears; that is, his advances on the sale price of the hops. And this, whether or not he had sold them abroad, whether or not they were excepted from any embargo.

The decree is reversed, and the cause remanded, with directions to enter a decree in conformity with this opinion.